## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| In re: BRIAN ALLEN FRITTER and JULIE ANN FRITTER, | Case No. 10-63363-LYN |
| Debtors. | |
| | Adv. No. 11-06047 |
| BRIAN ALLEN FRITTER and JULIE ANN FRITTER, | |
| Plaintiffs, | |
| v. | |
| VALUE PROPERTIES REAL ESTATE MANAGEMENT, INC., | |
| Defendant, | |

### MEMORANDUM AND ORDER

This matter comes before the Court on a motion for default judgment filed by Brian Allen Fritter and Julie Ann Fritter ("the Plaintiffs") against Value Properties Real Estate, Management, Inc., ("the Defendant") seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. This court does not have jurisdiction over the subject matter of the complaint. The complaint will be dismissed on the court's own motion.

### *Facts*

On November 24, 2010, the Plaintiffs filed a bankruptcy petition initiating the above-styled chapter 13 case. The Plaintiffs scheduled an asset of the estate described as "Fair Debt

1

Collection Practices Act violation by Value Properties" and claimed the asset exempt in the amount of $1.00. The Plaintiffs also scheduled a debt owed to the Defendant in the amount of $482.93. The claims bar date was April 14, 2011, and the Defendant has not filed a proof of claim.

On June 22, 2011, an order was filed by the court confirming the Plaintiffs' chapter 13 plan ("the Plan"). In paragraph 4.A. of the Plan, the Plaintiffs asserted that "[i]f this case were liquidated under chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately 0 %."

On May 2, 2011, the Plaintiffs filed the above-styled complaint ("the Complaint"). The Complaint, among other things, asserts "[u]pon information and belief, up to and including September 30, 2010, the Plaintiffs received debt collection letters from the Defendant." A copy of one of the letters was attached to the complaint. The letter contains the following language: "Per the Fair Debt Collection Practices AC, 15 U.S.C. 1692, et. seq. Unless you dispute the amount owed, or any portion thereof, within thirty (30) days, the debt will be assumed valid, verification of the debt has been obtained, and the amount owed is correct. This letter is an attempt to collect a debt and any information obtained will be used for that purpose."

The Complaint asserts three causes of action, all under the Fair Debt Collection Practices Act ("the FDCPA"). The first cause of action asserts that Defendant violated 15 U.S.C. §§ 1692e(2) of the Fair Debt Collection Practices Act by using false, deceptive and/or misleading representations or means in connection with the debt collection by misstating the amount of the alleged debt. The second cause of action asserts the Defendant violated 15 U.S.C. §1692f(1) of the Fair Debt Collection Practices Act by attempting to collect any amount not authorized by the

agreement creating the debt or permitted by law.  The third cause of action asserts the Defendant violated 15 U.S.C. §§ 1692e and 1692g(a)(1)-(5) of the Fair Debt Collection Practices Act by failing to give the Plaintiffs 30 days from the date of receipt of the original communication from the Defendant to dispute the debt owed to Lakeview of Culpeper.

*Discussion.*

This court cannot consider the merits of this case because it does not have subject matter jurisdiction over the complaint.  Accordingly, the motion will be denied and the Complaint will be dismissed on the court's motion.

"Federal bankruptcy courts, like the federal district courts, are courts of limited jurisdiction." Canal Corp. v. Finnman ( In re Johnson ), 960 F.2d 396, 399 (4th Cir.1992).  A court must have jurisdiction over the subject matter of a dispute before it may entertain that dispute.  A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Lovern v. Edwards, 190 F.3d 648(4th Cir. 1999).   Also see Fed. Rule Civ. Proc. 12(h)(3) as made applicable in this matter by Fed.R.Bankr.P.  9014(c) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Questions concerning subject-matter jurisdiction may, and must, be raised by the court.  See Wright, Miller, Cooper & Freer, Federal Practice and Procedure: Civil 3d, § 3536, (2008).  (A court is under a continuing obligation to determine whether it has subject matter jurisdiction over matters that come before it.)

A civil action is commenced by filing a complaint with the court.  Fed.R.Civ.P. 3 as made applicable in this matter by Fed.R.Bankr.P.  7003.  A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's subject matter jurisdiction. Fed.R.Civ.P. 8(a)(1) as made applicable in this matter by Fed.R.Bankr.P.  7008.

In the Complaint the Plaintiffs assert that this court has subject matter jurisdiction under two separate bases, one under 28 U.S.C. § 1331 and the other under 28 U.S.C. § 1334. & 157(b)(2). These two bases are considered in turn.

I.

The Plaintiffs first assert that this court has subject matter jurisdiction under 28 U.S.C. § 1331 which provides, in its entirety, that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 1331 grants jurisdiction to United States District Courts.  Section 1331 never grants subject matter jurisdiction to Bankruptcy Courts.  Accordingly, the court does not have subject matter jurisdiction over this matter under 28 U.S.C. § 1331.

II.

The Plaintiffs also assert that this court has subjection matter jurisdiction under 28 U.S.C.§§ 1334(a)&(b) and 157(a).   United States District Courts "have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)&(b). The United States District Court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.  28 U.S.C. §§ 157(a).  The United States District Courts for the Western District of Virginia have referred bankruptcy matters to the Bankruptcy Courts for the Western District of Virginia by order.  This court has jurisdiction over all cases under title 11 and any or all proceedings arising under title 11, or arising in or related to a case under title 11.  It is proper to consider each of these four bases of subject matter jurisdiction in turn.

A.

First, this bankruptcy court has jurisdiction over cases under title 11. A case under title 11 consists of all pleadings, proceedings and orders that are part of a bankruptcy case. A case under title 11 consists of the whole of these things that concern a single estate, and not just one of them. An adversary complaint does not constitute a case under title 11. The Complaint is not a case under title 11.

B.

Second, this bankruptcy court has jurisdiction over matters that arise under title 11. A matter that "arises under title 11" is one that is created by the bankruptcy code. <u>See</u> 1 Collier on Bankruptcy, "Jurisdiction", ¶ 301.[3][c][I] (16th ed. rev.). The Plaintiffs have alleged no facts that would give rise to a cause of action that was created by the bankruptcy code. This court does not have subject matter jurisdiction over the Complaint on the basis that the causes of action, or any one of them, in the Complaint arise under the Bankruptcy Code.

C.

Third, this Court has jurisdiction over proceedings that arise in a case under title 11. A proceeding that "arises in" a case under title 11 is one that exists only in the context of a bankruptcy case but does not arise under title 11. <u>See</u> <u>In re Wood</u>, 825 F.2d 90, 96-97 (5th Cir. 1987) ("The meaning of 'arising in' proceedings . . . seems to be a reference to those 'administrative' matters that arise only in bankruptcy cases. In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.")

The causes of action arising from the alleged facts do not arise in bankruptcy. Further,

the alleged facts, if true, would give rise to a cause of action under non-bankruptcy federal law. This court does not have subject matter jurisdiction over the Complaint on the basis that the causes of action, or any one of them, in the Complaint arise in a case under the Bankruptcy Code.

D.

Finally, this court has jurisdiction over proceedings that are related to a case under title 11. A proceeding that is "related to a case under title 11" is one that integrally affects the bankruptcy process. In 2007, the Fourth Circuit Court of Appeals defined related-to jurisdiction in a chapter 11 case as follows:

> [F]or "related to" jurisdiction to exist at the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process-there must be a close nexus to the bankruptcy plan or proceeding. Practically speaking, under this inquiry matters that affect the interpretation, implementation, consumation, execution, or administration of the confirmed plan will typically have the requisite close nexus.

Valley Historic Ltd. Partnership v. Bank of New York (In re Valley Historic Ltd. Partnership), 486 F.3d 831 (4th Cir. 2007).

In 2010, the Fourth Circuit Court of Appeals let issue an opinion emphasizing that bankruptcy courts do not have jurisdiction over matters that do not affect the administration of a bankruptcy estate. See In re Kirkland, 600 F.3d 310 (4th Cir. 2010). In Kirkland, the debtor borrowed money to attend college. Her Chapter 13 plan provided for the payment of all of the principal that she owed the creditor. The debtor completed her payments under the plan, and (wrongly) believed that all principal had been paid to the creditor and that she only owed interest on the debt. The Chapter 13 trustee had incorrectly returned about $4,700.00 to the debtor. After the case was closed, the creditor began billing the debtor for the balance of the claim that

had not been paid through the Chapter 13 plan.  The debtor subsequently filed an adversary complaint seeking a determination that the loan principal had been paid in full and that the debt had been discharged except to the extent that post-petition interest had accrued.  The creditor argued that the debtor still owed the unpaid principal.  The bankruptcy court agreed.  The bankruptcy court also awarded interest but declined to award attorney's fees.

The creditor appealed to the District Court arguing that the bankruptcy court did not have jurisdiction over the post-petition interest and attorney's fees.  The District Court held that the Bankruptcy Court had jurisdiction over the accrued post-petition interest and attorney's fees.  The holding was based in part on the fact that "the post-petition interest and collection costs sought by [the creditor] in the Bankruptcy Court, for example, would not have even been at issue were it not for the maladministration of the bankruptcy plan and the initial bankruptcy proceeding."  Quoted in Kirkland, 600 F.3d at 316.

The creditor appealed to the Fourth Circuit Court of Appeals.  That Court held that the Bankruptcy Court did not have subject matter jurisdiction, including related-to jurisdiction, to determine how much post-petition interest the debtor owed the creditor because "[t]he claim exist[ed] irrespective of Kirkland's bankruptcy and had no effect on that proceeding or her bankruptcy estate."  Kirkland, 600 F.3d at 318.  In holding that the Bankruptcy Court did not have related-to jurisdiction over the interest and attorney's fees, the Fourth Circuit Court of Appeals made it clear that bankruptcy courts do not have related-to jurisdiction over causes of action that would exist irrespective of the bankruptcy case and that have no effect on the administration of the bankruptcy estate.

All of the claims in the Complaint would exist irrespective of the bankruptcy case.  A

claim under the FDCPA may be brought in a United States District Court even if the none of the parties to the lawsuit is a debtor in bankruptcy.

Further, the resolution of the Complaint in this case could not possibly have any effect on the administration of this bankruptcy estate. This is a Chapter 13 case in which creditors' claims are satisfied by payments made from the Plaintiffs' disposable income, not their existing assets. The only way that the resolution of the Complaint could possibly have an affect on the administration of the bankruptcy estate would be if it caused the Plaintiffs to pay a greater portion of their disposable income than otherwise required. The only manner by which the resolution of the Complaint could cause this is by increasing the amount that the unsecured creditors would receive if the case were a case under Chapter 7.

Section 1325(a)(4) provides that a debtor must pay a sufficient amount into the chapter 13 plan each month so that the total amount paid into the plan is such that unsecured creditors receive at least as much as they would in chapter 7. This is often referred to as the "Chapter 7 Test". The Plan provides that the Plaintiffs will pay unsecured creditors a dividend of at least 5% on their claims, which total $172,337.71, or a total of $8,616.88. In order to affect the administration of the estate, the Plaintiffs would have to obtain a judgment for an amount that increased the amount of the Chapter 7 Test beyond $8,616.88. Because the Plaintiffs estimate that unsecured creditors would receive no distribution in Chapter 7, they would have to prevail in this matter to the full extent of that amount. Further, only the amount of the judgment that is non-exempt would have an effect on the Chapter 7 Test.

The motion for default judgment seeks damages in the amount of $1,000.00 for statutory damages (the statutory limit) and $2,500.00 for punitive damages. A review of the Complaint

makes clear that no punitive damages are warranted and that statutory damages, while perhaps appropriate, would not be awarded in the maximum amount.

Accordingly, the resolution of the conflict embodied in the complaint cannot possibly have an effect on the administration of this estate.   As such, this court does not have subject matter jurisdiction over it.

### III.

The Fourth Circuit Court of Appeals made it clear in Kirkland that this court does not have jurisdiction to hear any matter that would exist irrespective of, and that does not affect the administration of, the bankruptcy case.  This Court does not have subject-matter jurisdiction over the complaint.  Accordingly, the Complaint will be dismissed for lack of subject matter jurisdiction.

### **ORDER**

For the reasons stated herein, the above-styled adversary complaint shall be and hereby is dismissed, with prejudice, for want of subject matter jurisdiction.

Upon entry of this memorandum and order the Clerk shall forward copies of this order to Marshall M. Slayton, Esq., Lakeview of Culpeper c/o Value Properties, and the Chapter 13 trustee.

Entered on this  25th  day of July, 2011.

_____
William E. Anderson
United States Bankruptcy Judge

9